**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NATIONAL ALLIANCE FOR**
**ACCESSIBILITY, INC., DENISE PAYNE,**

        **Plaintiffs,**

**-vs-**                                                          **Case No.  6:12-cv-1384-Orl-28DAB**

**PAR RE BC CF L.L.C.,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS COMPLAINT (Doc. No. 13)**
>
> **FILED:** November 16, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Defendant moves to dismiss this action for lack of subject matter jurisdiction, contending that Plaintiffs lack standing to pursue an action under the Americans with Disabilities Act, 42 U.S.C. § 12118 *et seq*. ("ADA"), as the Complaint fails to show any injury in fact. Plaintiffs have filed an opposition brief (Doc. 17). Upon review of the record and the applicable law, it is **respectfully recommended** that the motion be **granted.**

### Background

Plaintiffs National Alliance for Accessibility, Inc. ("NAA") and Denise Payne ("Payne"), filed their Complaint seeking injunctive relief, attorney's fees and costs under Title III of the ADA (Doc.

1). The Complaint alleges that Payne resides in Ft. Lauderdale, Florida, which is in Broward County (Doc. 1 at ¶ 1) and NAA maintains its principal office there (*Id.* ¶ 2). Defendant's property is a Boston Market restaurant located in Altamonte Springs, Florida, in Seminole County (*Id.* ¶3). Payne alleges that she qualifies as an individual with disabilities under the ADA (*Id.* ¶ 6). The Complaint alleges:

> Denise Payne has visited the property which forms the basis of this lawsuit on numerous occasions and plans to return to the property to avail herself of the goods and services offered to the public at the property. Ms. Payne regularly visits the Orlando and surrounding areas to enjoy the recreational amenities of the area, and to visit friends and to perform services on behalf of the group including but not limited to recruitment of new members, advocacy, to perform re-inspections and to attend mediation. Ms. Payne is a regular customer of Boston Market.

*Id.* Payne alleges that she has encountered architectural barriers at the Boston Market restaurant located in Altamonte Springs. *Id*. She states that she "desires to visit Boston Market not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA . . ." *Id.* ¶ 9.

## Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth*., ––– U.S. ––––, 132 S.Ct. 1702, 182 L.Ed.2d 720 (2012) (citations omitted). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," while "[i]n a facial attack . . . the court examines whether the complaint has sufficiently alleged subject matter jurisdiction." *Id*. (internal citation and quotation omitted). In considering a facial attack, the court assumes that the allegations in the complaint are true and only determines whether the plaintiff alleged a basis of subject matter jurisdiction. *Morrison v. Amway Corp.,* 323 F. 3d 920, 924, n. 5 (11th Cir. 2003). Alternatively, when considering a factual attack, the court may consider matters outside the pleadings, such as affidavits and testimony. *Id.* Defendant asserts a facial attack, based on the allegations of the pleadings.

## Standing under Title III of the ADA

Title III of the ADA prohibits discrimination against disabled individuals in places of public accommodation. 42 U.S.C. § 12182(a). In order to sue for injunctive relief, however, individual and organization plaintiffs must establish that they have standing to do so. The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must show that: (1) he suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the defendant's alleged conduct; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61(citations and internal quotations omitted). Further, when a party seeks injunctive relief, he must also show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (plaintiff seeking injunctive relief for alleged ADA violations).

As Judge Conway observed in *Steelman v. Ringhaver*, Case No. 6:11–cv1283–Orl–22KRS, Doc. No. 15 at 5 (M.D.Fla. Oct. 31, 2011), when addressing a defendant's motion to dismiss for lack of standing, the court evaluates standing based on the facts of the complaint. *Shotz*, *supra*. However, the court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff." *Id.* (citation and internal quotations omitted).

## Issues and Analysis

In the Complaint, Plaintiff alleges that 1) she lives in Ft. Lauderdale, which the Court notes is over 200 miles from the property in Altamonte Springs; 2) she visited the property "numerous times" and 3) she plans to return to the property [at some unspecified time in the future] to avail herself of the goods and services offered to the public at the property. Plaintiff further alleges that she regularly visits "the Orlando and surrounding areas" and is a "regular customer of Boston

Market." Defendant contends that these allegations fail to allege an injury in fact and a "real and immediate" threat of future injury sufficient to establish standing.

Initially, the Court notes a discrepancy between the allegations pled and the Declaration and other verified statements of record. Although Payne avers in the Complaint and in the Declaration attached to the response brief (Doc. 17-1) that she has visited the property on "numerous" occasions, when asked in Court Interrogatories for specific "Date(s) and time(s)," she identified only **one** visit, lasting thirty minutes. *See* Verified Answers to Court Interrogatories (Doc. 9-1). Regardless, looking solely to the allegations of the Complaint, an assertion of "numerous visits," without more, is hardly a showing of an injury in fact which is concrete and particularized and actual or imminent. As noted by Defendant, allegations that Payne regularly visits "Orlando and surrounding areas" and is a regular customer of the Boston Market restaurant chain do not establish that Payne regularly visits *this* Boston Market, which is located in Altamonte Springs, not Orlando.[1]

Further, Plaintiff fails to provide any specifics regarding her generally alleged intent to return to the property. General and conclusory allegations are insufficient to establish a real and immediate threat of future injury. *See Defenders of Wildlife*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of 'actual or imminent' injury that our cases require.").[2] Looking at the four corners of the Complaint, Plaintiff has not established standing. *See Steelman v. Ringhaver*, Case No. 6:11–cv1283–Orl–22KRS, Doc. No. 15 at 5 (M.D. Fla. 2011); *see also Access for Am., Inc. v. Associated Out–Door Clubs, Inc.,* 188 F. Appx. 818 (11th Cir. 2006) (must be a "reasonable chance" of revisiting a facility, not just "someday"); *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.,* 2009 WL 320855, at *7 (M.D. Fla. 2009) ("the question of whether the plaintiff

---

[1]Orlando is in Orange County, Florida. Altamonte Springs is in Seminole County, Florida.

[2]The Court is not persuaded by the non-binding authorities from other jurisdictions cited by Plaintiff in her brief. Case law within this circuit is well-developed with respect to evaluating standing in ADA cases.

has constitutional standing to pursue a Title III claim depends on whether the plaintiff is likely to return to the defendant's place of public accommodation in the immediate future.")

Although the Court is limited to the allegations of the Complaint for a facial attack on standing, the same result would be reached even if the Court were to consider the Declaration offered in response to the motion. The Declaration (Doc. 17-1), dated December 12, 2012, avers, in pertinent part, that Payne visits "Orlando and the surrounding area" at least four times a year (paragraph 4); when Payne is in the Orlando area, she "frequently go[es] to the Altamonte Springs area to visit with members of [NAA], to eat and shop, to recruit new members, and to advocate for disabled rights" (paragraph 5); her last visit to the property was on June 5, 2012 (paragraph 6); and she intends to return to the property "when I return to the Altamonte area as part of my regular trips to Orlando" (paragraph 7). Although Plaintiff avers that she makes "at least" four trips to the Orlando area and, during those trips, she "frequently" goes to the Altamonte Springs "area," she does not state that she frequents *this property* four times a year or, indeed, anywhere near that frequency. The only evidence of actual visits is Payne's assertion that she visited the property in June. Thus, as of the date of the December Declaration, Plaintiff had not visited the property in over six months, belying any implication of "numerous" or "frequent" visits. Such sporadic connection with the Property is not enough to establish future harm to Payne. As the court in *National Alliance for Accessibility, Inc. v. Rite Aid of North Carolina, Inc.*, No. 1:10CV932, 2011 WL 4499294, *11 (M.D.N.C. Sept. 27, 2011) stated with respect to these Plaintiffs, in a similar context:

> Plaintiffs have not met their burden of establishing Payne's standing to bring this action, because they fail to demonstrate a likelihood of future harm to Payne. They fail to show a possibility of Payne returning to the Property, because (1) a great distance exists between Payne's Florida residence and the North Carolina Property; (2) Payne has only patronized the Property once; (3) Payne has no definitive plans to return to the Property, or even the city; and (4) Payne does not frequently travel through the Chapel Hill metropolitan area and specifically near the Property. Therefore, Defendants' Motion to Dismiss (Docket Entry 7) should be granted with respect to Payne.

*Id.*

For the foregoing reasons, the Court finds Payne's allegation that she intends to return to Defendant's property to be vague and speculative. Thus, Plaintiff fails to allege a real and immediate threat of future injury required to establish standing in ADA cases seeking injunctive relief.

As Payne lacks standing, the Court turns to whether NAA may proceed on its claims. In order for an organization to have associational standing to bring a suit on behalf of its members, it must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests [the association] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm.*, 432 U.S. 333, 343 (1977). As Plaintiffs admit that NAA's claim is predicated entirely on Payne's standing (Doc. 17, p. 9), and Payne lacks standing to pursue the claims as alleged, the Court finds NAA is without standing, and its claim must be dismissed, as well.

**Recommendation**

It is **respectfully recommended** that the motion to dismiss be **granted** and Plaintiffs be given leave to file an Amended Complaint, in order to allow them an opportunity to set forth, if they can, sufficient allegations regarding standing to allow their claims to proceed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 11, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-7-